**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Trinity River Resources, LP** | ) | **Case No. 16-10472** |
| | ) | |
| Debtor. | ) | |

**EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR**
**TO (A) REMIT ROYALTY AND WORKING INTEREST PAYMENTS**
**TO ROYALTY AND WORKING INTEREST HOLDERS AND (B) CONTINUE**
**SUCH PAYMENTS POSTPETITION IN THE ORDINARY COURSE OF BUSINESS**

Trinity River Resources, LP, the above-captioned debtor and debtor in possession (the "Debtor"), files this Emergency Motion for Order Authorizing Debtor to (A) Remit Royalty and Working Interest Payments to Royalty and Working Interest Holders; and (B) Continue Such Payments Postpetition in the Ordinary Course of Business (the "Motion"). In support of this Motion, the Debtor respectfully represents as follows:

**I. JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief sought herein are §§ 105 and 541 of the Bankruptcy Code.

**II. BACKGROUND**

2. On April 21, 2016 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Bankruptcy Court"), a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended (the "Bankruptcy Code") commencing these chapter 11 cases. The Debtor continues to operate its business and manage its properties as a debtor in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed, and no committee has yet been appointed or designated.

3. The Debtor was established in 2010 as an oil and gas exploration and production company with a focus on East Texas non-operated working interests. Specifically, the Debtor owns approximately 63,000 net acres in the established Woodbine sands and Austin Chalk formations throughout Polk, Tyler, and Jasper counties.

4. The Debtor's current net production is approximately 3,000 boe/d comprised of 43.5% oil and 56.5% rich gas from approximately 164 wells (27 vertical Woodbine wells and 137 horizontal Austin Chalk wells). The Debtor's working interests are primarily operated by its non-debtor affiliate BBX Operating, LLC ("BBX").

### III. RELIEF REQUESTED

5. In connection with the operation of its business, the Debtor receives royalty and revenue payments from the production of various oil and gas leases. A portion of these payments represent property of non-debtor, third party royalty and working interest holders (the "Royalty and Working Interest Payments"). These Royalty and Working Interest Payments are not the Debtor's property, but are merely collected by the Debtor on behalf of various non-debtor, third party royalty and working interest holders (the "Royalty and Working Interest Holders").

6. The Debtor seeks authority to remit all Royalty and Working Interest Payments that belong to the Royalty and Working Interest Holders to the appropriate Royalty and Working Interest Holder in the ordinary course of business as such payments are received because such Royalty and Working Interest Payments are not property of the Debtor's estates. The Debtor estimates that the average monthly Royalty and Working Interest Payments is approximately $5,000.00.

### IV. ARGUMENT AND AUTHORITY

7. The Royalty and Working Interest Payments are not part of the Debtor's estate. To the extent that the Debtor has collected Royalty and Working Interest Payments to be held in bailment for the Royalty and Working Interest Holders, the Debtor must remit those Royalty and Working Interest Payments to the appropriate Royalty and Working Interest Holder. *See, In re MCZ Inc.*, 82 B.R. 40 (Bankr. S.D. Tex. 1987) (debtor which was operator of oil and gas wells pursuant to operating agreements was bailee for account containing proceeds of production from operated wells for working interest owners, pursuant to memorandum of agreement entered into by operator and working interest owners); *see, also, In re Al Copeland Enterprises, Inc.*, 991 F.2d 233, 237 (5th Cir. 1993) (debtor's prepetition collection of sales tax and interest on the tax were held subject to trust for state and were not property of the estate). Where a debtor "merely holds bare legal title to property as agent or bailee for another, [d]ebtor's bare legal title is of no value to the estate, and [d]ebtor should convey the property to its rightful owner." *In re MCZ, Inc.*, 82 B.R. at 42. In this case, the Debtor merely holds the Royalty and Working Interest Payments as bailee for the Royalty and Working Interest Holders. As such, the Debtor requests that this Court authorize it to remit the Royalty and Working Interest Payments to the appropriate Royalty and Working Interest Holders.

### V. PRAYER

WHEREFORE, the Debtor respectfully requests entry of an order: (i) authorizing the Debtor to remit the Royalty and Working Interest Payments now in its possession to the appropriate Royalty and Working Interest Holders, (ii) authorizing the Debtor to remit future Royalty and Working Interest Payments that are collected to the appropriate Royalty and Working Interest Holders, and (iii) granting such other and further relief, at law or equity, as the Court deems necessary and proper.

3

Respectfully Submitted,

**BRACEWELL LLP**

By: */s/ William A (Trey) Wood III*
    William A. (Trey) Wood III
    Texas Bar No. 21916050
    Trey.Wood@bracewelllaw.com
    Jason G. Cohen
    Texas Bar No. 24050435
    Jason.Cohen@bracewelllaw.com
    Chelsea R. Dal Corso
    Texas Bar No. 24092316
    Chelsea.DalCorso@bracewelllaw.com
    711 Louisiana, Suite 2300
    Houston, Texas 77002
    Telephone: (713) 223-2300
    Facsimile: (713) 221-1212

**PROPOSED COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of this document was served by electronic means as listed on the Court's ECF noticing system on April 21, 2016, and via electronic mail or facsimile upon all parties on the attached Master Service List on April 22, 2016.

                                                  */s/ Chelsea R. Dal Corso*
                                                   Chelsea R. Dal Corso