**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Trinity River Resources, LP | ) | Case No. 16-10472 (TMD) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OBJECTION TO BBX OPERATING LLC'S MOTION TO COMPEL
PAYMENT OF CURE CLAIMS, AND IN THE ALTERNATIVE
MOTION FOR LEAVE TO DEPOSIT FUNDS WITH THE COURT REGISTRY**
**[Relates to Dkt. No. 516]**

John T. Young, Jr., as Liquidating Trustee (the "Liquidating Trustee") of the TRR Liquidating Trust (the "Liquidating Trust"), hereby files this objection (the "Objection") to the *Motion to Compel Payment of Cure Claims* [Dkt. No. 516] (the "Motion") filed by BBX Operating, LLC ("BBX") and, in support thereof, respectfully states as follows:

**I.  PRELIMINARY STATEMENT**

1. By the Motion, BBX seeks to compel the payment of $202,641.69 of cure claims arising from the Debtor's assumption and assignment of approximately seventy (70) joint operating agreements to which BBX was a party (the "JOAs") in connection with the sale of substantially all of the Debtor's assets in September 2017 (the "BBX Cure Claims Amount").

2. As the Court may recall, the Debtor previously objected to the BBX cure claims in connection with the sale. *See* Debtor's Reply in Support of Notice of Intent to Assume and Assign Certain Unexpired Leases and Executory Contracts and Setting for the Cure Amounts [Dkt No. 400] (the "Reply"). In the Reply, the Debtor stated that (a) BBX had failed to provide supporting documentation sufficient to establish the amounts allegedly due to BBX under the JOAs and (b) significant claims were expected to be filed against BBX that should be setoff against any valid

cure claims that might be due to BBX. To resolve these objections at the time of the sale, the Debtor and BBX agreed that the alleged amounts due under the JOAs would be reserved pending further agreement of the parties or further order of the Court (without prejudice to any arguments by either the Debtor or BBX as to whether the BBX Cure Claim Amounts should continue to be reserved for any reason).

3. Since the approval of the sale, BBX has provided documentation supporting the amounts due under all but one of the JOAs.[1] Since that time, however, the Debtor has also commenced an adversary proceeding against BBX in which the Debtor asserts over $5.4 million of preference and fraudulent transfer claims against BBX (the "Adversary Proceeding").[2] *See* Adv. No. 17-01090.[3]

4. Section 558 of the Bankruptcy Code provides that the estate shall have the benefit of any defenses available to the debtor as against any claimant and, as explained below, these defenses include the Debtor's rights of setoff against BBX under Texas law. Given that the claims against BBX in the Adversary Proceeding dwarf the BBX Cure Claims Amount, payment of the BBX Cure Claims Amount at this time is inappropriate and will be entirely unnecessary if the Adversary Proceeding claims against BBX are proven valid. Also, based on the current and projected future state of BBX's operations, the Liquidating Trustee is concerned that BBX may

---

[1] As noted in the Motion, approximately $12,000 allegedly due under one of the JOAs remains in dispute.

[2] Pursuant to the terms of the Debtor's confirmed chapter 11 plan, which went effective on December 28, 2017, the Liquidating Trustee is now vested with the authority to continue pursuing the claims in the Adversary Proceeding.

[3] The Liquidating Trustee respectfully requests that the Court take judicial notice of the Adversary Proceeding and the allegations asserted therein against BBX. *See MacMillan Bloedel Ltd. v. Flintkote Co.*, 760 F.2d 580, 587 (5th Cir. 1985) (holding that a "court may take judicial notice of related proceedings and records in cases before the same court.").

have limited ability to satisfy any judgment that the Liquidating Trustee obtains against BBX in the Adversary Proceeding.

5. Accordingly, in order to preserve the Debtor's setoff rights, the Liquidating Trustee respectfully requests that the Court stay (or deny) the Motion, and order that the BBX Cure Claims Amount continue to be reserved pending resolution of the claims asserted against BBX in the Adversary Proceeding. In the alternative, the Liquidating Trustee respectfully requests that the $202,641.69 allegedly due under the JOAs be deposited into the Court's registry pending the resolution of the claims against BBX in the Adversary Proceeding.

## II. BACKGROUND

6. On September 20, 2017, the Court approved the Debtor's assumption and assignment of the JOAs in conjunction with the sale [Dkt. No. 420] (the "Sale Order").

7. The Sale Order specifically provides that the cure amounts asserted by BBX would be reserved pending a resolution as to the amount and payment of such cure amounts, either by an agreement of the parties or by an order of the Court:

> At the Closing, the Debtor and Buyer shall fund a cash reserve . . . to be held in a segregated account by the Debtor (the "Account"), in an amount equal to the disputed Cure Costs that BBX Operating, LLC ("BBX") asserts are due under the Assigned Contracts to which BBX is a party as set forth at Docket No. 380 (the "BBX Cure Reserve") and to which the Debtor has objected in a reply filed on September 8, 2017 [Dkt. No. 400] (the "Objections"). . . . The Debtor shall hold the BBX Cure Reserve in the Account pending: (a) an agreement among the Debtor, the Buyer and BBX as to the amount and payment of the BBX Cure Costs; and/or, (b) further order of the Court.

Sale Order at ¶ 16(d).

8. The Sale Order also specifically reserved all of the parties' rights as to whether the BBX Cure Claims Amount should or should not continue to be reserved for any reason:

3

> Notwithstanding the establishment of the BBX Cure Reserve and the entry of this Sale Order, however, the rights of all parties as to the validity, amount and/or payment of the disputed BBX Cure Costs (including whether or not the disputed BBX Cure Costs should continue to be reserved for any reason) are expressly reserved.

Sale Order at ¶ 16(d).

9. On October 30, 2017, the Debtor initiated the Adversary Proceeding against BBX and other related third parties. *See* Adv. No. 17-01090. The Debtor filed its First Amended Complaint on December 27, 2017 [Dkt. No. 12] (the "First Amended Complaint") asserting claims against BBX for the avoidance and recovery of preferential and fraudulent transfers in the amount of at least $5.9 million as well as certain other claims for relief against BBX.[4]

10. On December 13, 2017, the Court confirmed the Debtor's Plan of Liquidation (the "Plan") [Dkt. No. 515]. The Plan went effective on December 28, 2017 [Dkt. No. 524]. As set forth in the Plan, the Liquidating Trustee is now vested with the authority to continue pursuing the claims in the Adversary Proceeding.

### III. JURISDICTION

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested in this Objection is authorized under section 558 of the Bankruptcy Code and the Court's equitable powers under section 105 of the Bankruptcy Code. Bankruptcy Rule 7067 further authorizes the Court to grant the Liquidating Trustee's alternative request to deposit the BBX Cure Claim Amount with the Court's registry.

---

[4] First Amended Complaint, at ¶¶ 129, 137 and Exhibits A, B, and D to the First Amended Complaint.

## IV. RELIEF REQUESTED

12. By this Objection, the Liquidating Trustee requests that this Court deny or stay the Motion and order that the BBX Cure Claims Amount continue to be reserved pending the resolution of the claims asserted against BBX in the Adversary Proceeding. In the alternative, the Liquidating Trustee requests that the entire BBX Cure Claims Amount be deposited with the Court's registry pending the resolution of the claims against BBX in the Adversary Proceeding.

## V. ARGUMENT

### A. The Liquidating Trustee Has a Right to Setoff Under 11 U.S.C. § 558.

13. In light of the substantial claims the Liquidating Trustee is pursuing against BBX in the Adversary Proceeding, the Liquidating Trustee should be able to setoff any amount ultimately owed to BBX against any potential damages it recovers against BBX in the Adversary Proceeding.

14. The estate's right to setoff is governed by section 558 of the Bankruptcy Code, which provides that "the estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses." 11 U.S.C. § 558. Courts have held that section 558 preserves any right of setoff a debtor may have under state law, including the right to setoff a debtor's claims against a creditor's administrative expense claims. *See In re PSA, Inc.*, 277 B.R. 51, 53 (Bankr. D. Del. 2002); *In re Circuit City Stores, Inc.*, No. 08–35653, 2009 WL 4755253, at *3 (Bankr. E.D.Va. Dec. 3, 2009).

15. Texas common law recognizes a right to setoff. *See Mauriceville Nat. Bank v. Zernial*, 892 S.W.2d 858, 860 (Tex. 1995). In order for one demand to be set off against another, there must be mutuality of demand, which exists where debts are owing between the parties in the

same right or capacity. *See F.D.I.C. v. Projects Am. Corp.*, 828 S.W.2d 771, 772 (Tex. App.—Texarkana 1992, writ denied).

16. The current situation is ripe for a setoff as the Motion relates to a postpetition claim BBX asserts against the Debtor while certain of the Liquidating Trustee's claims against BBX arise out of various Chapter 5 postpetition avoidance claims. *See* First Amended Complaint, at ¶¶ 90-129. Mutuality exists as both BBX's claims and the Liquidating Trustee's avoidance claims against BBX are regarded as postpetition claims under the Bankruptcy Code. *See Adventure Res. Inc. v. Holland*, 137 F.3d 786, 798 (4th Cir. 1998) (postpetition assumption of executory contract, once not cured, results in a postpetition claim for the creditor); *In re Quantum Foods, LLC*, 554 B.R. 729, 735 (Bankr. D. Del. 2016) (holding a preference claim "necessarily arises *only* post-petition" for purposes for a claimant seeking to set off its administrative expense claim (emphasis in original)); *In re Brooke Corp.*, 485 B.R. 650, 665 (Bankr. D. Kan. 2013) (holding that claims arising from sections 544, 547 and 548 of the Bankruptcy Code all arise postpetition). Moreover, the Liquidating Trustee does not seek to setoff the BBX Cure Claims Amount with a judgment on any other claims other than those directly asserted against BBX. As a result, the debts owed between the parties are in the same right or capacity.[5]

17. Moreover, the Fifth Circuit has recognized that a debtor is not prohibited from asserting a setoff right just because the claim sought to be used for setoff is disputed. *In re Galaz*, 480 Fed. Appx. 790, 795, 2012 WL 2849775 (5th Cir. July 12, 2012) (unpublished). In *In re*

---

[5] There is some dispute amongst courts as to whether a debtor can offset prepetition claims against a creditor's postpetition claims under section 558. *Compare In re PSA, Inc.*, 277 B.R. at 52 (disregarding prepetition/postpetition distinction) *with In re Braniff Airways, Inc.*, 42 B.R. 443, 449 (Bankr. N.D. Tex. 1984) (stating that neither a creditor nor a debtor may offset prepetition debts against postpetition debts). This distinction, however, is irrelevant here given that the Adversary Proceeding contains both prepetition and postpetition claims against BBX.

*Galaz,* an ex-husband of a Chapter 13 debtor sought to compel his ex-wife to satisfy overdue child support payments that had been awarded to him. *Id*. at 792. In response, the ex-wife asserted a setoff defense, arguing that any potential damages from her then *pending, unrelated* adversary proceeding against the ex-husband should be used to setoff any money that she owed her ex-husband. *Id*. The bankruptcy court recognized the ex-wife's setoff defense and waited to rule on the ex-husband's motion until *after* the conclusion of the adversary proceeding. *Id*. The district court and Fifth Circuit both affirmed the bankruptcy court's decision with the Fifth Circuit noting that it made sense to wait on ordering money to be paid out of the estate given that the debtor had asserted a right of setoff. *Id.* at 795.

18. The facts in this case warrant the same approach as adopted in *In re Galaz*. The Liquidating Trust does not dispute the majority of the BBX Cure Claims Amount. Paying BBX now, however, is inappropriate and could ultimately be entirely unnecessary as the Liquidating Trust's claims against BBX dwarf the BBX Cure Claims Amount.

19. In fact, it would be impractical (and potentially harmful to the Litigation Trust and the Debtor's creditors) for BBX to recover the BBX Cure Claims Amount now when the amount sought on behalf of the Liquidating Trust's *postpetition claims* against BBX is at least *thirty* times greater than what BBX seeks (at least $5,876,232 vs. $202,642).[6] As in *In re Galaz*, this Court should wait to rule upon – or deny – BBX's Motion until after judgment has been entered in the Adversary Proceedings, thereby avoiding the "absurdity of making A pay B when B owes A." *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18 (1995)(*quoting Studley v. Boylston Nat. Bank*, 229 U.S. 523, 528 (1913). As noted above, moreover, he Liquidating Trustee is concerned that a payment to BBX now could eliminate any chance of the Liquidating Trustee collecting on a

---

[6] *See* First Amended Complaint, at Exhibits A, B, and D.

7

potential judgment against BBX in the Adversary Proceeding. With the approval of the sale of the Debtor's assets, BBX's operatorship under the approximately seventy JOAs has either terminated or will be terminated shortly and it is uncertain what business or revenue BBX will have going forward (if any). Additionally, as described in detail in the Adversary Proceeding, in the past, BBX has significantly failed to properly manage its financial affairs with respect to third party obligations. *See* First Amended Complaint ¶¶ 63-68. BBX's past practices are particularly troublesome in light of the fact that, since at least 2014, upon information and belief, and as alleged in the Adversary Proceeding, BBX has been significantly undercapitalized and has sustained annual, million-dollar operating losses. *Id.* ¶¶ 55-56.

      **B.**     **BBX's Arguments Are Irrelevant to the Setoff Analysis**.

    20.     In its Motion, BBX argues that the allegations raised in the Adversary Proceeding do not relate to the contracts that were assumed and assigned. BBX, however, appears to conflate setoff with recoupment, which are two distinct concepts. Recoupment is defined as "the setting up of a demand arising from the *same* transaction as the plaintiff's claim, to abate or reduce the claim." *See In re Reeves*, 265 B.R. 766, 769 (Bankr. N.D. Ohio 2001) (emphasis added). Setoff, on the other hand, typically relates to mutual obligations that arise from separate transactions and thus "relatedness of the facts underlying the debts is not part of the inquiry and does not call mutuality into question." *In re Galaz*, 480 Fed. Appx. at 794. As a result, BBX's observation as to the non-relatedness of the various claims is irrelevant as the Liquidating Trustee does not have to demonstrate that the claims being setoff against one another arose from the same transaction.

    21.     BBX's argument that the Debtor's assumption of the JOAs "cleanse" the JOAs from any claims for recovery for avoidable transfers is also entirely irrelevant. As BBX concedes in the Motion, the claims asserted against BBX in the Adversary Proceeding are not for amounts due or other issues arising under the "cleansed" JOAs. *See* Motion at ¶ 6. The Adversary

Proceeding claims asserted against BBX relate to contracts and agreements that were not assumed and assigned, but were instead rejected pursuant to the Plan.

22. Finally, BBX's statement that the continued reservation of the BBX Cure Claim Amounts is a "garnishment" or "pre-judgment attachment" is wholly without support. Setoff is a well-recognized defense under Texas law and is a legitimate basis to reduce and/or even eliminate an obligation to a third party.

  **C. The BBX Cure Claims Amount Should Continue to be Reserved or, in the Alternative, be Deposited with the Court's Registry.**

23. The Liquidating Trustee submits that the Court should stay (or deny) the Motion and permit the BBX Cure Claims Amount to, in accordance with the Sale Order, remain reserved pending resolution of the claims asserted against BBX in the Adversary Proceeding. *See* Sale Order ¶ 16(d) (ordering the Debtor to hold the BBX cure reserve amounts in a segregated account pending "an agreement among the Debtor, the Buyer and BBX as to the amount *and payment of* the BBX Cure Costs" and/or further order of the Court) (emphasis added); *see also In re Docktor Pet Center, Inc.*, 144 B.R. 14, 16-17 (Bankr. D. Mass. 1992) (holding that the parties should establish an escrow to hold the cure amount, once determined, until the parties had finished litigating the merits of the debtor's breach of contract claim that the debtor intended to setoff against cure amounts).

24. In the alternative, the Liquidating Trustee asks the Court to permit the Liquidating Trustee to deposit the BBX Cure Claims Amount, in a total sum of $202,641.69, with the Court registry to be held pending final resolution of the claims against BBX in the Adversary Proceeding pursuant Bankruptcy Rule 7067. Rule 67 of the Federal Rules of Civil Procedure, as adopted by the Bankruptcy Rule 7067, permits a party to voluntarily deposit with the court "all or part of the money . . . whether or not that party claims any of it." FED. R. BANKR. P. 7067.

9

25. Rule 67 is intended to provide a place for safekeeping for disputed funds pending resolution of a legal dispute. *See In re Craig's Stores of Texas, Inc.*, 402 F.3d 522, 530 (5th Cir. 2005). To that end, at least one court has recognized that depositing funds with a court registry is an appropriate solution when setoff is raised as a defense. *See In re Patterson*, 967 F.2d 505, 511 (11th Cir. 1992) (noting that a creditor asserting a setoff defense may deposit disputed funds into court registry pending the resolution of the claim).

## VI. CONCLUSION

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter an order (a) staying – or denying – BBX's Motion and permitting the funds to continue to be reserved in accordance with the Sale Order pending the resolution of the claims asserted against BBX in the Adversary Proceeding or (b) in the alternative, enter an order approving the Liquidating Trustee's request to deposit with the Court's registry the entirety of the BBX Cure Claims Amount.

Dated: January 5, 2018

Respectfully Submitted,

SIDLEY AUSTIN LLP

*/s/ Thomas A. Labuda*
Duston K. McFaul
Bar No. 24003309
Thomas A. Labuda (*pro hac vice*)
1000 Louisiana Street, Suite 6000
Houston, TX 77002
Telephone: (713) 495-4500
Facsimile: (713) 495-7799
dmcfaul@sidley.com
tlabuda@sidley.com

*Counsel to the Liquidating Trust*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 5, 2018, a true and correct copy of the foregoing was served (i) electronically on the parties registered to receive notice through the court's ECF noticing system; and (ii) via electronic mail where available, otherwise by regular U.S. mail, postage, prepaid on the parties listed on the Master Service List.

      */s/ Michael Fishel*
      Michael Fishel