

**Dated: April 18, 2018.**

```
                                    _____
                                           TONY M. DAVIS
                                    UNITED STATES BANKRUPTCY JUDGE
```
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 16-10472-TMD |
| TRINITY RIVER RESOURCES, LP | § | CHAPTER 11 |
|     Debtor. | § | |

### MEMORANDUM OPINION

Trinity owes about $200,000 to BBX as a "prompt cure" of amounts due under contracts that Trinity assumed and assigned to the buyer of all of its assets. Can Trinity's liquidating trustee withhold payment of this amount to secure the estate's ability to apply the amounts due against a judgment it might get against BBX in unrelated litigation?

**I.    FACTS**

In July 2017, Trinity moved to assume and assign certain joint operating agreements as part of the intended sale of substantially all of its assets.[1] The counterparty to the agreements, BBX, objected arguing that Trinity incorrectly calculated the amounts necessary to cure Trinity's prior defaults under the agreements.[2] Ultimately, Trinity and BBX agreed that Trinity would

---
[1] Mot. Compel 1–2, ECF No. 516.
[2] Mot. Compel 1, ECF No. 516.

1

escrow the $202,641 that BBX asserted it was owed pending a resolution of the matter.[3] Of this amount, only $12,000 remains in dispute.[4] Based in part on this stipulation, Trinity's motion to assume and assign the agreements was approved.[5]

Shortly thereafter, Trinity sued BBX and related third parties.[6] In its complaint, Trinity sought, among other things, to recover from BBX $16.6 million in alleged preferences and fraudulent transfers.[7] About two months later, Trinity's liquidating plan was confirmed and BBX promptly moved to compel Trinity to pay it the escrowed funds.[8] Trinity's liquidating trustee objected to the motion because he wants wait until the lawsuit is resolved and then apply the escrowed funds to any judgment obtained against BBX.[9]

## II. ANALYSIS

When a debtor seeks to assign a contract it must first comply with the Bankruptcy Code's requirements for assumption. One of those requirements is that, if there has been a default, the trustee must "cure, or provide adequate assurance that [he or she] will promptly cure, such default. . . ."[10]

According to BBX, allowing Trinity to hold the money (1) violates the "prompt cure" condition that allowed Trinity to assume and assign the BBX contracts;[11] (2) circumvents the strict procedural requirements governing prejudgment attachments;[12] and (3) amounts to an

---

[3] Obj. Mot. Compel 3, ECF No. 525.
[4] Obj. Mot. Compel 2 n.1, ECF No. 525.
[5] Order 24, ECF No. 412.
[6] *Trinity River Resources, LP v. BBX Operating, LLC (In re Trinity River Resources, LP)*, Adv. No. 17-01090 (Bankr. W.D. Tex. filed Oct. 30, 2017).
[7] Am. Compl. at 2-3, *BBX*, Adv. No. 17-01090 (Bankr. W.D. Tex. Dec. 27, 2017), ECF No. 12. The Court has not yet entered a scheduling order has not yet been entered in the adversary proceeding, but has ruled on a motion to dismiss a portion of the amended complaint. Order Denying, *BBX*, Adv. No. 17-01090 (Mar. 7, 2018), ECF No. 20.
[8] Order Confirming, ECF No. 515; Mot. Compel 3, ECF No. 516.
[9] Obj. Mot. Compel 2-3, ECF No. 525.
[10] 11 U.S.C. § 365(b)(1).
[11] Mot. Compel 2, ECF No. 516.
[12] Mot. Compel 3, ECF No. 516.

improper preliminary injunction on the transfer of assets.[13]

The liquidating trustee agrees that Trinity owes BBX the money, but argues that Trinity has a state law right to offset that money against any judgment it obtains against BBX in the lawsuit.[14] He also contends that keeping the money in a segregated account, or the Court's registry, satisfies the requirement that Trinity "promptly cure" its defaults under the joint operating agreements.[15] To support this position, he mainly relies on the Fifth Circuit's unreported *In re Galaz* opinion. There, the Fifth Circuit upheld a bankruptcy court's decision to delay ruling on an ex-husband's motion to compel payment of child support from his ex-wife (the debtor) pending a ruling on litigation by the ex-wife against her ex-husband.[16] The Fifth Circuit noted that the ex-wife's lawsuit was "soon-to-be-tried"[17] and so presumed that the bankruptcy court knew that the debtor's claim was not frivolous.[18]

Also supporting the trustee, two bankruptcy courts have allowed debtors to escrow money owed to cure contract defaults so the debtors could preserve their ability to offset that money against any judgment obtained against the other party.[19] In one of those cases, *In re Diamond Head*, it was unclear how far the suit by the debtor had progressed, but the court had established deadlines for the conduct of that suit some four months earlier.[20] It was also unclear whether the non-debtor party had objected to the escrow. In the other case, *In re Docktor Pet Center*, the party with the cure claim objected to escrowing the money, but the court there simply

---

[13] Suppl. Br. Mot. Compel 4, ECF No. 549.
[14] 11 U.S.C. § 558 ("The estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses."); Obj. Mot. Compel 5–8, ECF No. 525.
[15] Obj. Mot. Compel 3, ECF No. 525.
[16] *In re Galaz*, 480 Fed. Appx. 790, 795 (5th Cir. 2012).
[17] *Id.*
[18] *Id.* at 794-95.
[19] *In re Docktor Pet Center, Inc.*, 144 B.R. 14 (Bankr. D. Mass. 1992); *In re Diamond Head Emporium, Inc.*, 69 B.R. 487 (Bankr. D. Haw. 1987).
[20] *Diamond Head*, 69 B.R. at 490.

3

imposed the *In Diamond Head* escrow requirement without much analysis.[21]

Here, unlike in *Galaz*, Trinity's adversary proceeding against BBX is in its preliminary stages and the merits of the claims have not been weighed. So it will be some time before the escrowed funds could be applied to any judgment awarded. And the amount owed to BBX for the defaults is not in material dispute so nothing, other than the not-yet-proven setoff right, prevents Trinity from promptly curing the default.

At least one bankruptcy court refused to allow a debtor to escrow money under these circumstances. In *In re A. Tarricone, Inc.*,[22] a landlord sued the debtor in state court for defaults on a gas station lease.[23] As an affirmative defense, it asserted that the landlord committed fraud.[24] After the debtor filed for bankruptcy, it sought to assume the lease.[25] To cure its defaults, the debtor wanted to deposit the amounts it owed under the lease into an escrow account maintained by the state court.[26] The bankruptcy court denied the debtor's request because:

> [A] rent default is not cured, nor is the lessor given adequate assurance of prompt cure . . . if rent is paid into an escrow fund established in a state court litigation . . . . The lessor must have immediate use of the rent money in order to satisfy its own obligation for taxes and mortgage payments. An enjoined escrow fund is not the equivalent of prompt cure.[27]

Similarly, the liquidating trustee's argument fails here because it ignores the fact that assumption of the joint operating agreements requires the prompt cure of Trinity's default under those contracts. This requirement is not found in the contract, nor in a court order. Instead, the statute itself requires a prompt cure.

Allowing the liquidating trustee to hold the funds in reserve pending a ruling in the

---

[21] *In re Docktor Pet Center, Inc.*, 144 B.R. 14, 16 (Bankr. D. Mass. 1992).
[22] *In re A. Tarricone, Inc.*, 70 B.R. 464 (Bankr. S.D.N.Y. 1987).
[23] *Id.* at 465.
[24] *Id.* at 465.
[25] *Id.* at 465.
[26] *Id.* at 465.
[27] *Id.* at 466.

adversary would, in effect, impose a preliminary injunction on money that by statutory right belongs to BBX. But Trinity is not entitled to a preliminary injunction. For one thing, Trinity filed no adversary proceeding.[28] And even if it had, Trinity could not overcome the more fundamental restriction imposed the Supreme Court in *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*[29] There the Supreme Court held that federal courts can't issue preliminary injunctions freezing one party's assets when the party requesting the injunction claims no lien on or equitable interest in those assets.[30] Trinity has no equitable interest in the money owed to BBX because that money is unrelated to the money at issue in its lawsuit against BBX. So even if Trinity could meet the elements for receiving a preliminary injunction, the Court would lack the authority to grant it.

### III. CONCLUSION

By separate order, the motion to compel will be granted as to all undisputed amounts currently held by Trinity in reserve to cure the defaults under the joint operating agreements.

---

[28] See Bankruptcy Rule 7001(7).
[29] *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999).
[30] *Id.* at 326-33.