## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| In re: | ) |
| | )    **Chapter 11** |
| **Trinity River Resources, LP** | ) |
| | ) |
| Debtor. | )    **Case No. 16-10472 (TMD)** |
| | ) |

### TRR LIQUIDATING TRUST'S AMENDED OBJECTION TO CLAIM NO. 6 OF
### BP AMERICA PRODUCTION COMPANY, WITH NOTICE THEREOF

> **This is an objection to your claim in this bankruptcy case. This objection asks the Court to disallow (eliminate), reduce, or modify your claim as set forth in this objection. If you do not file a written response to this objection within 30 days from the date of the mailing of this objection, the Court may disallow (eliminate), reduce, or modify your claim as set forth in this objection without a hearing being held.**
>
> **Any response to this objection must explain your position and be timely filed with the United States Bankruptcy Clerk, Western District of Texas, Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Blvd., Suite 322, Austin, TX 78701. If a timely response is filed, the Court will then set a hearing on the objection and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the objection to your claim.**

The TRR Liquidating Trust (the "<u>Liquidating Trust</u>") hereby files this objection (the "<u>Claim Objection</u>") to Claim No. 6 filed by BP America Production Company's ("<u>BP</u>" and the "<u>BP Claim</u>"). In support of this Claim Objection, the Liquidating Trust respectfully states as follows:

### PRELIMINARY STATEMENT

1.    The Liquidating Trust objects to the BP Claim on the grounds that BP failed to attach any evidentiary support for the amounts they assert are owed by the Debtor. As noted below, moreover, the Liquidating Trustee is not aware of any legal basis for the BP Claim under the relevant documents between BP and the Debtor. Accordingly, the Liquidating Trust objects to the

1

allowance of the BP Claim on the grounds that it contains insufficient information as required under applicable bankruptcy law.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of this chapter 11 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested in this Claim Objection is section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rules 3001 and 3007.

## BACKGROUND

3.      On April 21, 2016 (the "Petition Date"), the above captioned Debtor filed with the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Court") a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing this chapter 11 case.

4.      On August 14, 2016, BP filed Claim No. 6, asserting amounts owed on account of an unsecured, nonpriority claim in the amount of $1,302,622.00.

5.      On December 13, 2017, this Court entered an *Order Approving Debtor's Disclosure Statement on a Final Basis and Confirming Debtor's First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* (the "Confirmation Order") [Dkt. No. 515], which confirmed the Debtor's *First Amended Chapter 11 Plan of Liquidation for Trinity River Resources, LP*, dated October 24, 2017 (the "Plan").[1]

6.      Pursuant to Section 10.2 of the Plan and paragraphs 5 and 11 of the Confirmation Order, the deadline for the Liquidating Trustee to file an objection to the BP Claim with the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

Bankruptcy Court was March 28, 2018, provided that such deadline could be extended by the Bankruptcy Court upon request of the Trustee, without notice or hearing.

7.     On March 27, 2018, the Court entered an order that extended the Trustee's deadline to object to the BP Claim to September 28, 2018.

## OBJECTION

8.     Under the Bankruptcy Code, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection to a claim is made, the court shall determine the amount of such claim as of the commencement of the bankruptcy case. 11 U.S.C. § 502(b).  Section 502(b)(1) of the Bankruptcy Code provides that the Court may disallow a claim that has been objected to because it "is unenforceable against the debtor and the property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1).

9.     Pursuant to Bankruptcy Rule 3007(d), the Liquidating Trust files this objection on the grounds that the BP Claim contains insufficient information as required under applicable bankruptcy law and therefore does not comply with the Bankruptcy Rules, rendering the Liquidating Trust unable to determine the validity of the BP Claim. Fed. R. Bankr. P. 3007(d).

10.     Bankruptcy Rule 3001(f) provides that a proof of claim filed in accordance with the Bankruptcy Rules "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R .Bankr. P. 3001(f).  However, a proof of claim that is not filed with the appropriate supporting documentation is not entitled to the presumption of prima facie validity.  In re Gilbreath, 395 B.R. 356, 361 (Bankr. S.D. Tex. 2008), as amended (Nov. 19, 2008).

11.     Where a party fails to attach sufficient documentation to its proof of claim, the Debtor "has no evidentiary burden to overcome" in objecting to such a claim and the burden "shifts back to the creditor to prove the claim is valid by a preponderance of the evidence." Id. at 364. The purpose behind requiring such supporting documentation in the first instance is "so that debtors and other parties in interest can see and read the documents upon which the claims are based in order to make an initial assessment of their validity." In re DePugh, 409 B.R. 84, 98 (Bankr. S.D. Tex. 2009) (emphasis in original).

12.     BP has not included any, let alone sufficient, documentation under the Bankruptcy Rules. The only support BP provides for its claim is citing to the "Development Agreement with effective date 12/1/13" (the "Development Agreement") in its Claim. See BP Claim at Part 2(8). BP does not reference any provision in the Agreement, nor does BP provide any other support for its Claim.

13.     Accordingly, the BP Claim is not entitled to the presumption of prima facie validity and BP now carries the burden to prove up its Claim by a preponderance of the evidence. See In re Gilbreath, 395 B.R. at 361-62 (noting that Bankruptcy Rule 3001(a) mandates compliance with the Official Form, which requires the creditor to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages and security agreements" and to provide an explanation if such documents are unavailable); In re FIRSTPLUS Fin., Inc., 248 B.R. 60, 70 (Bankr. N.D. Tex. 2000) ("In order for a proof of claim to be prima facie evidence of its validity, it must meet the minimum threshold of being legally sufficient by complying with the Bankruptcy Rules, including Rule 3001, and set forth the facts to support the claim."). The Liquidating Trust therefore requests that the Court disallow the BP Claim, unless BP is permitted to amend and/or

supplement its Claim by the Court and provide sufficient information permitting the Trustee to review and respond the merits of the BP Claim. See In re Ruth, 473 B.R. 152, 167 (Bankr. S.D. Tex. 2012) ("Creditors should not be permitted to deliberately file woefully deficient proofs of claim in the hope that the debtor will not object to their violation of Bankruptcy Rule 3001.").

14.     In support of its claim, BP only cites to a joint development agreement that was executed on December 1, 2013, which is presumably a certain Beach Grove JDA. Pursuant to this agreement, BP allegedly contributed seismic data and in exchange for drilling credits. There is no basis, however, for the Debtor to be liable under this arrangement, even on a pro rata basis, as there is no mechanism under the Beech Grove JDA for BP to assert a contract claim for unused drilling credit. Finally, BP appears to have filed the BP Claim under the mistaken belief that the Debtor – as opposed to BBX Operating, LLC ("BBX") – was its operator. As a result, any potential claim that BP may have pursuant to the Beach Grove JDA would be against BBX, not the Debtor.

## RESERVATION OF RIGHTS

15.     To the extent that BP is permitted to amend and/or supplement its Claim in order to provide documentation that would permit the Liquidating Trust to assess the validity of such Claim, the Trustee hereby reserves the right to review and respond to such additional documentation.

## CONLCUSION

WHEREFORE, the Liquidating Trust requests that this Court enter an order, substantially in the form attached hereto as Exhibit A, (i) sustaining the Claim Objection and disallowing the BP Claim and (ii) granting such other legal and equitable relief to which the Liquidating Trust is entitled.

Dated: October 2, 2018                    Respectfully Submitted,

                                          **SIDLEY AUSTIN LLP**

                                          */s/ Thomas A. Labuda*
                                          Duston K. McFaul
                                          Bar No. 24003309
                                          Thomas A. Labuda (*pro hac vice*)
                                          1000 Louisiana Street, Suite 6000
                                          Houston, TX 77002
                                          Telephone: (713) 495-4500
                                          Facsimile: (713) 495-7799
                                          dmcfaul@sidley.com
                                          tlabuda@sidley.com

                                          *Counsel to the TRR Liquidating Trust*

### CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2018, a true and correct copy of the foregoing was served electronically on the parties registered to receive notice through the court's ECF noticing system, including counsel to BP at bknapp@lockelord.com and pwp@pattiprewittlaw.com.